# EXHIBIT A

# EXHIBIT A

Plaintiffs OTC Solutions, LLC, Golden Dragon Media, Inc., and Pudong, LLC, (hereafter "Plaintiffs"), by and through their counsel of record, request that iContact Corporation ("iContact") produce for inspection and copying, at the offices of Parsons Behle & Latimer, 201 S. Main Street, Suite 1800, Salt Lake City, UT 84111, all of the requested documents and things which are in the custody of iContact or its attorneys on or before ____, 2010.

## DEFINITIONS

1. The terms "you," or "your" or "iContact" shall mean iContact Corporation and all of its present and/or former employees, agents, officers, directors, attorneys, and all other persons acting on iContact's behalf or at its direction.

2. The term "Plaintiffs" shall mean Plaintiffs OTC Solutions, LLC, Golden Dragon Media, Inc., and Pudong, LLC, and all of their present and/or former employees, agents, officers, directors, attorneys, and all other persons acting on Plaintiffs' behalf.

3. The terms "document" and "electronically stored information" have the same general meanings as used in Federal Rule of Civil Procedure 34(a) and also include "writings and recordings" as those terms are defined in Federal Rule of Evidence 1001(1).

4. The term "all" shall be construed to mean the terms "each" and the term "each" shall be construed to mean "all" as necessary to bring within the scope of the Request for Production all responses that might otherwise be construed to be outside of its scope.

5. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests for Production all responses that might otherwise be construed to be outside of its scope.

6. The singular shall include the plural and vice versa. The use of any tense of any verb includes within its meaning all other tenses of the verb so used.

7. The term "relevant time period" shall refer to the time period between January 1, 2010 and the present.

8. The term "subject accounts" shall refer to all iContact accounts owned or associated with: Plaintiffs, Eric Van Nguyen, Jay Fung, and Anthony Thompson. Specifically, subject accounts shall include the following:

Free Investment Report (username: Ntropy)

ExplicitPennyPicks.com (username: explicit)

The Ox of Wallstreet (username: oxofwallstreet)

KillerPennyStocks.com (username: killerpenny)

Premiere Penny Stocks (username: premierepennystocks)

PennyStockAlley.com (username: pennystockalley)

Eric Van Nguyen / Stock Alerts (username: ericvan1)

Jay Fung / Pudong LLC (username: Dankchino1)

9. The term "spam accounts" shall refer to all iContact accounts owned or associated with iContact account numbers 625541, 680604, and/or 690718; Phillip Doan; Donald Yellef; Microcapexpress.com; Investorflux.com; Mindonmarkets.com; and Themindonmarkets.com.

## REQUESTS FOR PRODUCTION

1. Documents and electronically stored information of all User and Authentication Logs, and logs of any access events, uploads, or downloads during the relevant time period, and all Internet Protocol addresses associated with the subject accounts and the spam accounts.

2. All documents and electronically stored information showing names, street addresses, telephone numbers, email addresses, and any information regarding payment, relating to the identities of the persons and/or entities owning, having access rights to, and/or using the spam accounts.

3. Documents and electronically stored information of all Server Logs, Firewall Logs, and Router Logs during the relevant time period associated with the subject accounts and spam accounts.

4. All documents and electronically stored information, including user manuals and a list of authorized users, related to the use of Application Programming Interfaces, or APIs from June 15, 2009 until present.

5. All documents and electronically stored information evidencing or regarding the contents of any upload to and/or download of data and information to the subject accounts and the spam accounts during the relevant time period.

6. All documents and electronically stored information regarding iContact's investigation(s) into the unauthorized access to the iContact accounts of Plaintiffs.

7. All documents and electronically stored information regarding any action(s) undertaken by iContact pursuant to its Anti-Spam Policy (http://www.icontact.com/terms/antispam), including all component parts thereof outlined therein, during the relevant time period with respect to the spam accounts.

8. All documents and electronically stored information showing or evidencing the access, utilization, observance, or monitoring by any party, including iContact and its agents, of the subject accounts and the spam accounts.

9. iContact's current document/data retention policy, and any previous versions of said policy during the relevant time period.